UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOLISTIC HEALTH, A PROFESSIONAL MEDICAL CORPORATION, ET AL. | CIVIL ACTION |
| VERSUS | NO. 23-6000 |
| BANKERS INSURANCE COMPANY, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is a joint motion from plaintiffs Holistic Health, a Professional Medical Corporation, and KSZA Properties, LLC and defendant Bankers Insurance Company to modify the scheduling order and continue the deposition deadline in this case.[1] For the following reasons, the Court denies the motion.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (cleaned

---

[1]   R. Doc. 35.

1

up). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (cleaned up)).

The Court denies the joint motion to modify the scheduling order and continue the deposition deadline. Hurricane Ida, which precipitated the events in this lawsuit, made landfall on August 29, 2021, more than four years prior to the current motion. This Court set the deadline for depositions on April 24, 2025, more than seven months ago.[2] The only reason the parties cite for a continuance is that they are handling a "large volume of hurricane cases."[3] The Court finds that attorneys over-scheduling themselves is not good cause and that the parties have not exercised appropriate diligence to meet the Court's deadlines. *See S&W Enters., L.L.C.*, 315 F.3d at 535.

---

[2]   R. Doc. 22.
[3]   R. Doc. 35, at 1.

For the foregoing reasons, the Court DENIES the joint motion to continue the deposition deadline.

New Orleans, Louisiana, this 9th day of December, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE